CRICHTON, J.,
additionally concurring.
Iil concur in all respects with the majority opinion that the victim’s statements to medical personnel reflected in the certified Ochsner Hospital records of February 23 and 25, 2013, are admissible under La. C.E. art. 803(4). Moreover, I agree that the statements are non-testimonial for purposes of the Confrontation Clause because they were not procured for trial purposes, much like an alleged victim’s statements to a forensic psychiatrist. Finally, as the majority correctly notes, the victim’s letter of January 19, 2012 (over one year prior to the alleged crime) reflects her then-exist- . ing state of mind and her intentions, and is therefore admissible under La. C.E. art. 803(3). This evidence is crucial in a domestic abuse battery case, particularly where, as here, the victim is “unavailable” under law.
I write separately to caution attorneys as to the discretion, care and restraint that must be exercised when presenting this type of evidence — especially in a jury trial. In some cases, portions of the medical records will need to be carefully redacted; cases involving letters or diary 'entries' by the “unavailable” victim require scrutiny and measured restraint to ensure compliance with the Confrontation Clause and the Louisiana Code of Evidence. Finally, the trial judge, as the gatekeeper, should recognize his or her obligation under La. C.E. art. 403 to balance the probative value of the tendered evidence versus the potential prejudice such that the defendant receives due process. Thus, with this cautionary | ¡Instruction, I embrace the rationale of Judge Lobrano’s dissent and wholeheartedly agree with the majority’s conclusion in this case.